UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TED GERARD,

                            Plaintiff,

                  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER SCOTT
CONSTANTELES, POLICE OFFICER RALPH
APONTE, POLICE OFFICER CHRISTIAN ADDISON
AND POLICE OFFICERS JOHN DOE NUMBERS 1-5,

                            Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

05 CV 7757 (GEL)

**WHEREAS**, defendant City of New York, has sought certain documents concerning plaintiff Ted Gerard in this action, documents which plaintiff Ted Gerard deems confidential; and

**WHEREAS**, plaintiff Ted Gerard objects to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

      1.      As used herein, "Confidential Materials" shall mean such portions of plaintiff Ted Gerard's medical and psychiatric records as plaintiff Ted Gerard designates confidential, and the information contained therein, except that defendants may petition the Court to review any such designations that defendants deem inappropriate. Upon receipt of any psychiatric records that are potentially Confidential Materials, defendant will notify plaintiff's attorney and plaintiff's attorney will have five (5) business days to review such materials and

make confidentiality designations. Notwithstanding any other provision of this Paragraph, plaintiff Ted Gerard's psychiatric records and information shall not be deemed "Confidential Materials" to the extent that they are (a) otherwise publicly available or (b) are the subject of public disclosure by plaintiff Ted Gerard.

    2. Defendant City's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled *Ted Gerard v. City of New York, et al.*, 05 CV 7757 (GEL) ("this action").

    3. Defendant City's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

    (a) Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

    (b) Disclosure before trial may be made only to the parties, to experts retained or specially employed by defendants' in this action, in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    (c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or a party), defendants' attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorneys.

4. *Except for the circumstances* outlined in 3(a) through (c), disclosure by plaintiff or anyone on his behalf, including counsel, of such materials to *any person not a member of the staff of plaintiff's counsel's law office, including, but not limited to*, the media, press or the like, shall result in making this Protective Order null and void; provided however, that this Protective Order shall not become null and void if plaintiff discloses such materials to medical providers for purposes of treatment.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, at plaintiff's request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of plaintiff, the parties may file redacted documents without further order of the Court.

8. In addition, where advance notice is given by defendants and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order.

9. The parties reserve their right to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
August 8, 2006

Alba R. Morales, Esq.
Emery Celli Brinckerhoff & Abady LLP
545 Madison Avenue, 3rd Floor
New York, NY 10022

By: /s/ Alba Morales
Alba Morales, Esq. (AM 5734)

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York,
NYPD and Police Officer Constanteles
100 Church Street
New York, New York 10007

By: /s/ Sarah B. Evans
Sarah B. Evans (SE 5971)
Assistant Corporation Counsel

John Burns, Esq.
Worth, Longworth & London, LLP
Attorney for Co-Defendants Police Officers
Aponte & Addison
111 John Street, Suite 640
New York, NY 10038

By: /s/ John Burns
John Burns, Esq. (JB 1072)

SO ORDERED:

/s/ Gerard Lynch
HONORABLE GERARD LYNCH
8/14/06

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *Ted Gerard v. City of New York, et al.*, 05 CV 7757 (GEL), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____
Date                                        Signature

                                               _____
                                               Print Name

                                               _____
                                               Occupation